IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

ALEXANDER T. SMITH,

    Plaintiff,

vs.                              CIVIL ACTION NO.: CV514-035

STATE OF GEORGIA and
DWAYNE H. GILLIS, Chief Judge,
Waycross Judicial Circuit,

    Defendants.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who is currently housed at Rogers State Prison in Reidsville, Georgia, filed a cause of action pursuant to 42 U.S.C. § 1983. A prisoner proceeding in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act, 28 U.S.C. §§ 1915 & 1915A. In determining compliance, the court shall be guided by the longstanding principle that *pro se* pleadings are entitled to liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972); Walker v. Dugger, 860 F.2d 1010, 1011 (11th Cir. 1988).

28 U.S.C. § 1915A requires a district court to screen the complaint for cognizable claims before or as soon as possible after docketing. The court must dismiss the complaint or any portion of the complaint that is frivolous, malicious, fails to state a

claim upon which relief may granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2).

In Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997), the Eleventh Circuit interpreted the language contained in 28 U.S.C. § 1915(e)(2)(B)(ii), which is nearly identical to that contained in the screening provisions at § 1915A(b). As the language of § 1915(e)(2)(B)(ii) closely tracks the language of Federal Rule of Civil Procedure 12(b)(6), the court held that the same standards for determining whether to dismiss for failure to state a claim under Rule 12(b)(6) should be applied to prisoner complaints filed pursuant to § 1915(e)(2)(B)(ii). Mitchell, 112 F.3d at 1490. While the court in Mitchell interpreted § 1915(e), its interpretation guides this court in applying the identical language of § 1915A.

Plaintiff contends that Defendant Gillis, a judge, denied Plaintiff his right to have assistance of counsel. Plaintiff contends that he entered a guilty plea to the charges against him, but Defendant Gillis forced him to go to trial, even though Plaintiff informed him that he was not satisfied with his attorney's representation. Plaintiff asserts that this occurred in March 2010. Plaintiff also names the State of Georgia as a Defendant.

Congress did not abrogate the doctrine of judicial immunity when it enacted section 1983. Judicial immunity is an absolute immunity, and it applies even when a judge acts maliciously. Stump v. Sparkman, 435 U.S. 349, 356 (1978) (holding judicial immunity doctrine applies in § 1983 actions); Harris v. Deveaux, 780 F.2d 911, 914 (11th Cir. 1986). Absolute immunity not only protects against liability but also against a case going to trial at all. Harris, 780 F.2d at 914 (citing Mitchell v. Forsyth, 472 U.S. 511, 526 (1985)). To determine whether a judge is entitled to absolute immunity from

AO 72A
(Rev. 8/82)

money damages under section 1983, a two-part test was established in Stump: 1) whether the judge dealt with the plaintiff in a judicial capacity; and 2) whether the judge acted in the "clear absence of all jurisdiction." Id. (quoting Stump, 435 U.S. at 357). The second prong of this test is "only satisfied if a judge completely lacks subject matter jurisdiction." Id. at 916. Plaintiff has failed to show that Defendant Gillis acted in the clear absence of jurisdiction. Thus, Plaintiff's claims against Defendant Gillis should be **DISMISSED** under the doctrine of judicial immunity.

"Section 1983 gives a party who claims to have suffered the deprivation of a constitutional right at the hands of a person acting 'under color of' state law 'an action at law [or] suit in equity against such person 'for redress.'" GeorgiaCarry.Org, Inc. v. Ga., 687 F.3d 1244, 1253 (11th Cir. 2012). The State of Georgia is not a "person" subject to suit under § 1983. Id. at 1254 (citing Will v. Michigan Dept. of State Police, 491 U.S. 58, 65–66 (1989) (concluding that a State is not a "person" under § 1983)). Plaintiff's claims against the State of Georgia should be dismissed.

Constitutional claims brought pursuant to section 1983 "are tort actions, subject to the statute of limitations governing personal injury actions in the state where the § 1983 action has been brought." Powell v. Thomas, 643 F.3d 1300, 1303 (11th Cir. 2011). The statute of limitations for § 1983 claims in Georgia is two years, which is found in O.C.G.A. § 9-3-33. Terrell v. Paulding Cnty., 539 F. App'x 929, 931 (11th Cir. 2013) (citing Williams v. City of Atlanta, 794 F.2d 624, 626 (11th Cir. 1986)). This Code section provides:

> Actions for injuries to the person shall be brought within two years after the right of action accrues, except for injuries to the reputation, which shall be brought within one year after the right of action accrues, and except for

actions for injuries to the person involving loss of consortium, which shall
be brought within four years after the right of action accrues.

Plaintiff's claims stem from events which allegedly occurred in March 2010. As Plaintiff did not file his Complaint until April 2014, his cause of action was filed untimely and should be dismissed for this reason, also, to the extent Plaintiff could set forth a cause of action against a viable Defendant.

In addition, it appears that the relief Plaintiff seeks is under the purview of 28 U.S.C. § 2254, as he seems to challenge his state court conviction. When a state prisoner challenges the "'fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus.'" Harden v. Pataki, 320 F.3d 1289, 1294 n.6 (11th Cir. 2003) (quoting Preiser v. Rodriguez, 411 U.S. 475, 500 (1973)). However, Plaintiff must exhaust his available state remedies before a federal court can address these claims. 28 U.S.C. § 2254(c).

Moreover, Plaintiff seeks monetary damages in an unspecified amount. The Supreme Court has held:

> that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). According to the Heck Court, "when a state prisoner seeks damages in a [civil rights] suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his

4

conviction or sentence." Id. at 487. If this is the case, the plaintiff's complaint "must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." Id. A district court must determine whether "plaintiff's action, even if successful, will *not* demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit." Id. (emphasis in original). To have success on his claims, Plaintiff's conviction would have to be overturned, which has not occurred.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Plaintiff's Complaint be **DISMISSED** based on his failure to state a claim upon which relief may be granted.

**SO REPORTED** and **RECOMMENDED**, this 20th day of August, 2014.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)